IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC MARINE & SUPPLY COMPANY, LTD., | ) ) ) Civ. No. 08-00022 BMK |
| Plaintiff, | ) ) ORDER GRANTING |
| | ) DEFENDANTS' MOTION FOR |
| vs. | ) PARTIAL SUMMARY |
| | ) JUDGMENT AGAINST |
| LOCKHEED MARTIN | ) PLAINTIFF PACIFIC MARINE & |
| CORPORATION, a Maryland | ) SUPPLY COMPANY, LTD.'S |
| corporation, | ) CLAIM FOR ATTORNEYS' FEES |
| | ) |
| Defendant. | ) |
| _____ | ) |

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST PLAINTIFF PACIFIC MARINE & SUPPLY
COMPANY, LTD.'S CLAIM FOR ATTORNEYS' FEES

Before the Court is Defendant Lockheed Martin Corporation's ("Lockheed") Motion For Partial Summary Judgment Against Plaintiff Pacific Marine & Supply Company, Ltd.'s ("Pacific Marine") Claim for Attorneys' Fees. The Court heard this Motion on December 12, 2008. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, Lockheed's Motion is GRANTED.

As explained in more detail below, the Lease Agreement here contains a choice-of-law provision, in which the parties agreed that California substantive law governs disputes arising from it. Given that provision and because the

availability of attorneys' fees is a substantive issue under the law of this forum (Hawaii), the Court must conduct a choice-of-law analysis to determine whether Hawaii or California law governs Pacific Marine's claim for fees. In light of the nexus between California and the parties at the time the Lease Agreement was executed, the Court concludes that California law governs the issue. Under California law, attorneys' fees are not available to Pacific Marine because no statute or contractual provision authorizes fees in this case. Summary judgment on Pacific Marine's claim for fees is therefore proper.

## FACTUAL BACKGROUND

On May 6, 1993, Pacific Marine, a Hawaii corporation, and Lockheed Missiles & Space Company ("LMSC"), a California corporation, entered into a Lease Agreement, in which Pacific Marine was granted an exclusive license to make and sell ships using LMSC's patented SLICE technology. (Ex. A at 1, 3.) As consideration, Pacific Marine agreed, among other things, to pay LMSC certain royalty payments. (Id. at 4.) The Lease Agreement included the following provision: "Construction: This Agreement shall be interpreted and construed in accordance with the laws of the State of California." (Id. at 9.)

Sometime after the Lease Agreement was executed, LMSC merged with Lockheed. (Ex. B at 1.) Lockheed "acquired all of LMSC's rights and

assumed all of LMSC's duties and obligations under the Lease Agreement." (Complaint ¶ 8.)

Pacific Marine and Lockheed amended the License Agreement on January 10, 1997, and again on November 5, 1998. (Ex. B at 1; Ex. C at 1-2.) Under the Second Amendment, Pacific Marine's right to make and sell SLICE ships became nonexclusive and Lockheed agreed to pay Pacific Marine a portion of the sale price of certain SLICE ships it manufactured or sold. (Ex. C. at 2.) In neither of the Amendments did the parties modify the contractual provision stating that the License Agreement shall be interpreted and construed in accordance with California law. (See generally Exs. B-C.)

Pacific Marine alleges that, after the Second Amendment was executed, Lockheed constructed two boats that it sold for more than $20 million. (Complaint ¶¶ 13-15.) Pacific Marine demanded that Lockheed pay it a percentage of the sale price, as the parties had so agreed in the Second Amendment. (Id. ¶ 17.) Because Lockheed refused to pay, Pacific Marine brought this action against it for breach of contract. (Id. ¶ 19.) The Complaint seeks, among other things, a recovery of attorneys' fees. (Id. ¶ 20.)

Lockheed now moves for summary judgment on Pacific Marine's claim for attorneys' fees.

## STANDARD OF REVIEW

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law. See Fed. R. Civ. P. 56(c). In assessing whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1228 (9th Cir. 2000).

In deciding a motion for summary judgment, the court's function is not to try issues of fact, but rather, it is only to determine whether there are issues to be tried. Anderson, 477 U.S. at 249. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

## DISCUSSION

I.  Whether the Lease Agreement Contains a Choice-of-Law Provision

At the outset, Pacific Marine contends that the Lease Agreement's clause stating it "shall be interpreted and construed in accordance with the laws of

the State of California" is not a conflict-of-law provision.  (Ex. A at 9; Opp. at 5-6.)  Because the language refers merely to "interpret[ing] and constru[ing]" the Agreement, Pacific Marine argues the clause "fails to indicate that it applies to disputes, breaches and/or lawsuits."  (Opp. at 5.)

Pacific Marine cites no law in support of its position.  To the contrary, courts faced with similar contract language have held that, where the parties agree a particular law governs the interpretation and construction of a contract, that law also governs disputes arising from the contract.  See, e.g., Boatland, Inc. v. Brunswick Corp., 558 F.2d 818, 821-22 (6th Cir. 1977) (where the contract stated it shall "be interpreted and construed according to the laws of the State of Wisconsin," the Sixth Circuit held the parties intended that the "substantive law of Wisconsin should determine their rights and obligations"); Foreman v. George Foreman Assocs., Ltd., 517 F.2d 354, 356 (9th Cir. 1975) (where the contract stated it "shall be construed in accordance with the laws of the State of California," the Ninth Circuit affirmed that California law "govern[s] the contract"); Airgo, Inc. v. Horizon Cargo Transport, Inc., 670 P.2d 1277, 1281 (Haw. 1983) (per curiam) (where the contract provided for "interpretation of the contract in accordance with" Texas law, the court noted that "any disputes were to be resolved under Texas law"); cf. Chan v. Socy. Expeditions, Inc., 123 F.3d 1287, 1298 (9th Cir. 1997)

5

(concluding that contract language stating a ticket "will be construed in accordance with the general maritime law of the United States" is a "specific clause choosing United States law to govern the parties' rights and duties arising from the passenger ticket").

Based on the foregoing cases and given the Lease Agreement's provision that it shall be "interpreted and construed" under California law, this Court concludes that California substantive law governs disputes arising from that contract. See Hammel v. Ziegler Fin. Corp., 334 N.W.2d 913, 915 (Wis. Ct. App. 1983) ("[B]y indicating the law to be used in construing a contract, the parties effectively involve the substantive law of that state."). Accordingly, the Court rejects Pacific Marine's contention that the Lease Agreement contains no choice-of-law provision.

II.        Whether Hawaii or California Law Governs Pacific Marine's Request for Attorneys' Fees

In light of the conflict-of-law provision, Lockheed contends this Court must conduct a conflict-of-law analysis to determine whether Hawaii or California law applies. However, because a "choice of law analysis is required . . . only if the availability of attorneys' fees is considered to be a substantive rather than a procedural issue" under Hawaii law, this Court must first determine whether

Case 1:08-cv-00022-BMK   Document 55   Filed 12/16/08   Page 7 of 13   PageID #: 612

Hawaii law considers the issue to be substantive or procedural. See <u>Arno v. Club Med Boutique, Inc.</u>, 134 F.3d 1424, 1425 (9th Cir. 1998) (emphases added).

    A.  Whether the Availability of Attorneys' Fees Is a Substantive or Procedural Issue Under Hawaii Law

The parties agree that, if the availability of fees is a procedural issue under Hawaii law, Hawaii law will govern Pacific Marine's claim to fees. (Opp. at 7; Reply at 9.) See <u>Arno</u>, 134 F.3d at 1425. Lockheed argues that the availability of attorneys' fees under Hawaii law is a substantive issue. (Reply at 8.) Pacific Marine disagrees, arguing that attorneys' fees is a procedural issue. (Opp. at 6.)

    The Hawaii Supreme Court was faced with a similar decision in <u>Airgo, Inc. v. Horizon Cargo Transport, Inc.</u>, 670 P.2d 1277 (Haw. 1983) (per curiam). Airgo, a Texas freight transport company, entered into two contracts with Horizon Cargo, a company that conducted interisland freight service in Hawaii. <u>Id.</u> at 1278-79. Both agreements provided for "interpretation of the contract in accordance with the laws of the State of Texas." <u>Id.</u> at 1279. Airgo thereafter sued Horizon Cargo for failing to pay for services rendered under the contracts, and Horizon Cargo counterclaimed. <u>Id.</u> After a jury trial, the trial court "awarded Horizon Cargo and Airgo attorneys' fees . . . pursuant to Hawaii law." <u>Id.</u> at 1281.

    On appeal, Airgo argued that the trial court's award of fees under Hawaii law was erroneous because the contracts were to be interpreted under

<pre>7</pre>

Texas law.  Id.  The Hawaii Supreme Court agreed, stating:  "When the parties choose the law of a particular state to govern their contractual relationship and the chosen law has some nexus with the parties or the contract, that law will generally be applied."  Id.  The court thus held that, "in accordance with the parties' expectations, the substantive law of Texas should have applied" to the parties' claims for attorneys' fees.  Id.

Airgo clearly stands for the proposition that the availability of attorneys' fees is a substantive issue under Hawaii law and that, if parties expressly agree that a contract be interpreted under the law of another state, that other state's substantive law will generally govern the fees issue.  Cf. Montserrat Overseas Holdings, S.A. v. Larsen, 709 F.2d 22, 24 (9th Cir. 1983) (per curiam) (construing Haw. Rev. Stat. § 607-14, the Hawaii statute authorizing fees in contract cases, as a "state substantive law").

Notwithstanding the Hawaii Supreme Court's decision in Airgo, Pacific Marine points to cases from New Jersey and Minnesota for the proposition that the availability of attorneys' fees is a procedural issue under the law of those states.  (Opp. at 7-10 (citing Bannister v. Bemis Co., Civ. No. 07-1622 (RHK/AJB), 2008 WL 2002087 (D. Minn. May 6, 2008); Du-Wel Prods., Inc. v. United States Fire Ins. Co., 565 A.2d 1113 (N.J. Super. Ct. 1989).)  However,

whether New Jersey or Minnesota views the issue as procedural is irrelevant because this Court must determine whether the availability of fees is procedural or substantive under Hawaii law. See Arno, 134 F.3d at 1425.

    Pacific Marine also posits that "the Ninth Circuit applies the law of the forum state regarding an award of attorneys' fees," citing Kona Enterprises, Inc. v. Estate of Bernice Pauahi Bishop, 229 F.3d 877 (9th Cir. 2000). (Opp. at 7.) In Kona Enterprises, although the contract at issue contained a North Carolina choice-of-law provision, the Ninth Circuit held attorneys' fees were properly decided under Hawaii law because the parties failed to timely raise – and therefore waived – the choice-of-law issue. Id. at 883, 891. Kona Enterprises is distinguishable from this case, as Lockheed timely raises the choice-of-law issue here.

    In light of the Hawaii Supreme Court's decision in Airgo, the availability of attorneys' fees is a substantive issue under Hawaii law. This Court must therefore conduct a choice-of-law analysis to determine whether Hawaii law or California law applies. See Arno, 134 F.3d at 1425 (if the availability of fees is a substantive issue under the forum's law, a "choice of law analysis is required").

B.    Choice-of-Law Analysis

The parties disagree on which choice-of-law test to use. Lockheed argues this Court should follow <u>Airgo</u>, which held: "when the parties choose the law of a particular state to govern their contractual relationship and the chosen law has some nexus with the parties or the contract, that law will generally be applied." 670 P.2d at 1281. However, Pacific Marine cites <u>Del Monte Fresh Produce (Hawaii) Inc. v. Fireman's Fund Ins. Co.</u>, 183 P.2d 734 (Haw. 2007), arguing that a "flexible" conflicts-of-law analysis should instead govern which law applies. (Opp. at 12-13.)

In <u>Del Monte</u>, 183 P.3d at 741, the Hawaii Supreme Court noted it "has moved away from the traditional and rigid conflict-of-laws rules in favor of the modern trend towards a more flexible approach." <u>Id.</u> at 741. However, because none of the contracts at issue in <u>Del Monte</u> contained a choice-of-law provision, the court distinguished the case from <u>Airgo</u>, where the parties had "<u>expressly agreed</u> in both service agreements that any disputes were to be resolved under Texas law." <u>Id.</u> at 741-42 (emphasis in original). The Hawaii Supreme Court reaffirmed that, where parties agree that contract disputes be governed by the law of a particular state, the choice-of-law provision "will generally be upheld 'when the chosen law has some nexus with the parties or the contract.'" <u>Del Monte</u>, 183

P.3d at 741.  Accordingly, given the Lease Agreement's choice-of-law provision, this Court will apply California law if it "has some nexus with the parties or the contract."  Id.

When the Lease Agreement was executed, LMSC was a" California Corporation[] with offices at . . . Sunnyvale, California.  (Ex. A at 1.)  The parties to the Lease Agreement also expressly intended that California law govern interpretation of and disputes arising from the contract.  (Ex. A at 9.)  Thus, at the time the Lease Agreement was executed, California law had "some nexus" with the parties and the contract.  Airgo, 670 P.2d at 1281; see also Pac. Portland Cement Co. v. Food Mach. & Chem. Corp., 178 F.2d 541, 552 (9th Cir. 1950) ("It is the aim of courts, in interpreting a written contract, to give effect to the mutual intention of the parties as it existed at the time of the execution of the contract.").  Pacific Marine concedes this nexus existed when the Lease Agreement was executed.  (Opp. at 13.)  Given the conflict-of-law provision in the contract and the nexus between California law and the parties, this Court applies California substantive law to Pacific Marine's claim for fees.  See Airgo, 670 P.2d at 1281.

III.     Whether Attorneys' Fees Are Available Under California Law

Having concluded that California substantive law governs the availability of attorneys' fees in this case, this Court must determine whether

Pacific Marine's claim for fees is permissible under California law. Lockheed asserts they are not.

California follows the American rule, which provides that each party to a lawsuit must ordinarily pay his own attorney fees. Trope v. Katz, 902 P.2d 259, 278 (Cal. 1995). California codified the American rule by enacting section 1021 of the Code of Civil Procedure, which provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys . . . is left to the agreement, express or implied, of the parties . . . ." Cal. Civ. Proc. Code § 1021. Pacific Marine points to no California statute or contractual provision authorizing its recovery of attorneys' fees in this case. See id. §§ 1021.4-1021.10. (Ex. A at 8.) Without such a statute or provision, its request for fees is not allowed under California law. Cal. Civ. Proc. Code § 1021. Therefore, absent a genuine issue of material fact, summary judgment is GRANTED in Lockheed's favor on Pacific Marine's claim for attorneys' fees.

## CONCLUSION

For the foregoing reasons, Lockheed's Motion for Partial Summary Judgment Against Plaintiff Pacific Marine & Supply Company, Ltd.'s Claim for Attorneys' Fees is GRANTED.

DATED: Honolulu, Hawaii, December 16, 2008.

IT IS SO ORDERED.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Pacific Marine & Supply Co. v. Lockheed Martin Corp., Civ. No. 08-00022BMK; ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST PLAINTIFF PACIFIC MARINE & SUPPLY COMPANY, LTD.'S CLAIM FOR ATTORNEYS' FEES.